NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7034

RONALD J. BELIN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Ronald J. Belin, of Tallahassee, Florida, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel; and Amanda R. Blackmon, Attorney, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC .

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

or regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Belin's appeal presents no issues for us to review. Belin does not challenge the validity or interpretation of any statute or regulation relied on by the Veterans Court. Instead, he repeats the arguments he made to the Veterans Court that his various physical conditions, including wrist pain, otic conditions, and cardiovascular disease, are connected to his military service.¹ Whether there is a service connection for Belin's medical conditions is a question of fact we cannot address. See Maggitt v. West, 202 F.3d 1370, 1375 (Fed. Cir. 2000) (whether a veteran's claim is well grounded is a question of fact). Likewise, the question of whether Belin's cardiovascular condition is related to herbicide exposure is also a factual inquiry we cannot review.

Belin lists various constitutional provisions in his informal brief. Merely reciting a litany of constitutional provisions, however, does not

_____

¹ Belin raises the service connection for cardiovascular disease for the first time on this appeal. Because it was not addressed below, this issue is not properly before us.

of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. §§ 7292(a), 7292(c). Unless an appeal from the Veterans Court presents a constitutional issue, we do not otherwise have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292 (d)(2).

Belin sets forth many reasons why he believes the Veterans Court decision was erroneous. He does not, however, identify any error or issues pertaining to the validity or the interpretation of a rule, statute or regulation. Moreover, after an independent review of the record, we see no constitutional issues upon which jurisdiction could be predicated.

Since Belin's appeal challenges only the Veterans Court's application of established law concerning service connection to the facts and circumstances of his case, we have no jurisdiction to review it.